UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUPERMARKET MERCHANDISING AND SUPPLY, INC., ) ) ) Plaintiff, ) ) vs. ) ) JEFFREY MARSCHUETZ. and ) UNIVERSAL CUSTOM DISPLAY, INC., ) ) Defendants. ) ) | Cause No. 4:06 CV 393 JCH |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss (Doc. No. 5) and Plaintiff's Motion to Remand (Doc. No. 9). Until 2003, Jeffrey Marschuetz was a sales representative for Supermarket Merchandising and Supply ("Supermarket"), and was subject to a non-compete agreement. Shortly after leaving Supermarket, he joined competitor Universal Custom Display ("Universal") as a sales representative, allegedly in breach of his non-compete agreement.

Supermarket filed its original petition in the Circuit Court for the City of St. Louis. Defendants removed to this Court on the basis of diversity of citizenship. (Notice of Removal, Doc. No. 1). Defendants filed the Motion to Dismiss on March 2, 2006. Supermarket filed the Motion to Remand on March 24, 2006. Both matters are now fully briefed and ready for disposition.

Defendants assert that this case must be dismissed because it is barred by *res judicata* due to another case in state court. The Court need not determine if the state court case constitutes *res judicata*, as it was reversed on May 16, 2006. Supermarket Merch. & Supply, Inc. v. Marschuetz,

--- S.W.3d ----, 2006 WL 1318799 (Mo. Ct. App. 2006). "In Missouri, when an appellate court vacates a judgment, the lower court's judgment cannot be considered a final judgment on the merits for purposes of collateral estoppel." Nanninga v. Three Rivers Elec. Co-op., 236 F.3d 902, 906 (8th Cir. 2000) (citing State v. Nunley, 923 S.W.2d 911, 922 (Mo. 1996)). Defendants' Motion to Dismiss (Doc. No. 5) is denied.

Plaintiff moves to remand because there is no diversity of citizenship, as both Supermarket and Marschuetz are residents of Missouri. (Motion for Remand, Doc. No. 9). Defendants allege that Marschuetz is fraudulently joined because the claims against him are barred by *res judicata*. (Memorandum in Opposition, Doc. No. 15, at 2). As discussed above, the state court case upon which Defendants base their *res judicata* arguments was reversed. Because the claims against Marschuetz are not barred by *res judicata*, he was not fraudulently joined, and the case lacks diversity of citizenship. Plaintiff's Motion for Remand (Doc. No. 9) is granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. No. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Remand (Doc. No. 9) is **GRANTED** and this case is remanded to the Circuit Court of the City of St. Louis, State of Missouri. An appropriate Order of Remand will accompany this Order.

Dated this 25th day of July, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE